DOCKET NO. 474

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE COCONUT OIL ANTITRUST LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED
AUG -4 1981
PATRICIA D. HOWARD
CLERK OF THE PANEL

8/4/81

TRANSFER ORDER

This litigation consists of four actions, listed on the attached Schedule A, pending in two districts -- two actions in the Central District of California and two actions in the Northern District of California. Presently before the Panel is a motion by the plaintiffs in the Central District of California actions for transfer under 28 U.S.C. §1407 of the Northern District of California actions to the Central District of California for coordinated or consolidated pretrial proceedings with the two actions pending there. No responding party opposes centralization, but disagreement exists over the selection of the transferee forum. The plaintiffs in the Northern District of California actions and the three companies which are the same and only defendants in each action favor selection of the Northern District of California as the transferee forum.

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization under 28 U.S.C. §1407 in the Northern District of California will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All the actions presently before the Panel contain nearly identical allegations that defendants, in violation of Section 1 of the Sherman Act, combined and conspired to raise, fix, maintain and stabilize the price of crude coconut oil in the United States. Additionally, each action is brought as a class action. Transfer under Section 1407 is clearly necessary in order to avoid duplicative discovery, further judicial efficiency and prevent conflicting pretrial rulings.

While either the Central District of California or the Northern District of California could be considered an appropriate transferee forum for this litigation, on balance we are persuaded that the Northern District of California is preferable. Movants, in support of selection of the Central District of California, argue that coordination between the actions in this docket and a pending Government civil proceeding in that district, as well as access to grand jury materials, which are under control of the court in the Central District of California, can most effectively be facilitated if the Panel centralizes the actions in this docket there. We recognize that the Panel has often transferred litigations to a district in which related Government and/or grand jury proceedings are, or were, pending. Under the circumstances of the litigation, however, we are persuaded that centralizing the actions before us in the Northern District of California will result in the most efficient and expeditious resolution of both the Government and private

actions. The defendants and the Northern District of California plaintiffs stress that 1) no criminal indictment resulted from grand jury proceedings occurring in the Central District of California; 2) although a Government civil proceeding is currently pending in the Central District of California, there has been no discovery in the Government action and the parties thereto are engaged in serious consent negotiations; and 3) the documents which the defendants produced to the grand jury have already been produced to the plaintiffs in the Northern District of California during the ongoing discovery in the actions pending there. Thus much of the coordination that ordinarily takes place between Government proceedings and related private actions has either already been initiated or, under the circumstances of this docket, is unlikely to be necessary. We are confident that communication and cooperation between the courts in the Central and Northern Districts of California (a matter facilitated by the accessibility of Los Angeles to San Francisco), together with the cooperation and assistance of the Government, all parties and their counsel, will be sufficient to accomplish any further coordination which may be necessary, including the consideration of any requests that the private litigants may make for additional grand jury and other materials involved in the Government proceedings.

Additional factors commend transfer of this litigation to the Northern District of California. The defendants, their documents and their officers and employees are all located in the San Francisco area. Thus many witnesses and documents can be expected to be located in or near San Francisco. Apart from the pendency of the Government proceedings in Los Angeles, the Central District of California offers no real nexus to the conspiracy alleged in these actions. Furthermore, the Northern District of California actions, perhaps by virtue of being the first filed, are furthest advanced, as demonstrated by the significant amount of documents which have already been made available to the plaintiffs in those actions.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the following Schedule A and pending in the Central District of California be, and the same hereby are, transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable William H. Orrick, Jr., for coordinated or consolidated pretrial proceedings with the actions listed on the attached Schedule A and pending there.

FOR THE PANEL:

*Andrew A. Caffrey*

Andrew A. Caffrey
Chairman

SCHEDULE A

MDL-474 -- In re Coconut Oil Antitrust Litigation

### Northern District of California

McIntyre Chemical Co. v. Crown Oil Corporation, et al.,
C.A. No. C81-0978-WHO

Acme-Hardesty Co., Inc. v. Crown Oil Corporation, et al.,
C.A. No. C81-0933-WHO

### Central District of California

C. F. Simonin's Sons, Inc. v. Crown Oil Corporation, et al.,
C.A. No. C81-1822-TJH

Wilsey Foods, Inc. v. Crown Oil Corporation, et al.,
C.A. No. C81-1274-TJH